Opinion of the Court delivered by
IIornblower, C. J.
The court of Common Pleas dismissed *261 the plaintiff’s application, and refused him a discharge, upon the ground, that the list of creditors exhibited by the petitioner, did not specify the amount due the Southern Loan Company. That company was put down as a creditor; but opposite its name, was written, “amount disputed.” The petitioner might perhaps, have been more specific; he might have stated the reason why he could not name the amount; or if he really did not know whether he owed the company any thing, or if any thing, how much, he might have put them down as claiming to be creditors; saying, that if they were such, he did not know the amount due them. The objection however, I think was captious, and ought to have been overruled.
By the first section of the act, Elm. Dig. 250, the debtor is required to accompany his petition with “ a list of all his creditors, with the money due and owing to each of them, to the best of his knowledge.” But the truth of the facts set forth in such petition, and of the inventory, and list of creditors, accompanying it, is not required to be sworn to by the petitioner. It is only the incipient step, and to give jurisdiction to the court. But afterwards, upon the hearing, the debtor is to exhibit, not the petition &c., but “a just and true account &c. and a list of all his creditors, with the amount of debts to them due and owing to the truth and fairness of all which, he is to be examined under oath. Now it is observable, that in this clause, the debtor is required to specify the amount of his indebtedness, without any qualification, as to the best of his knowledge; or of his knowledge and belief: and yet it is evident, that if either in the petition, or in his subsequent exhibit, he must specify the sum due to each creditor, he may in many cases, be compelled to put down and swear, to what he does not know to be true: or fail to obtain the benefit of the act.
Where the debtor has been extensively concerned in business, at home and abroad; conducted perhaps by foreign correspondents and agents : where there are open and unsettled mutual accounts, and where disputes exist between the parties, upon the termination of which, must depend the question of debtor or creditor, it manifestly must be impossible for the debtor to comply with the literal terms of the act, in this particular: nor is it necessary he should, as said by this court, in Slagg et al. v. Aus *262 tin, 3 Harr. R. 86, “ the great object designed by the legislature, is to secure to the debtor and his creditors, a fair hearing.upon the merits of the case, and to enable the court to determine, whether the former has acted fairly, or concealed any part of his property, or made fraudulent conveyances: for these arc the general grounds upon which the court have power to refuse his discharge upon the hearing.” If therefore, upon the examination, the court are satisfied the debtor has made no fraudulent concealment, in relation to his property, or the extent of his indebtedness, he ought to be discharged ; although he may have omitted to insert the precise amount due to any creditor. Let the order or judgment of the Common Pleas be reversed, and the record remitted to that court, to be proceeded in according to law.
Judgment reversed and record remitted.